UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60100-CR-RNS(s)

UNITED STATES OF AMERICA

v.

DOMINIC RIGANOTTI,

    Defendant.
_____/

PLEA AGREEMENT

The United States of America and DOMINIC RIGANOTTI (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count One and Count Two of the Superseding Information, which charges the defendant with conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 371 and dispensing a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**PENALTIES**

2. The defendant understands that as to Count One the Court may impose a sentence of up to five (5) years' imprisonment, followed by a term of supervision of up to three (3) years, and a fine of up to $250,000 or not more than the greater of twice the gross gains or gross loss resulting from the offense, and as to Count Two the Court may impose a sentence of up to twenty (20) years' imprisonment, followed by a term of supervision of up to three (3) years, and a fine of up to $250,000. *See* Title 18, United States Code, Section 3571(d).

3. The defendant further understands and acknowledges that, in addition to any sentence imposed under the previous paragraph of this agreement, a special assessment in the

amount of $200 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

4. The defendant recognizes that, under some circumstances, the Court could order restitution under Title 18, United States Code, Section 3663A, and the defendant agrees that any restitution required as a result of the criminal conduct set forth in paragraph one above shall be equal to the amount of any actual victim loss attributable to the defendant's knowing participation in the criminal conduct, as determined at sentencing. The defendant understands that the Court could order restitution in the amount of loss arising from the relevant conduct related to this matter, not just from the offense of conviction, and the defendant understands that the amount of restitution owed to each victim will be determined at or before the sentencing unless the Court rules otherwise.

5. The defendant understands and acknowledges that as a result of this plea, the defendant will likely be excluded from providing services for or acting as a contractor to Medicare, Medicaid, and all Federal health care programs. This exclusion will not affect defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

## APPLICABLE SENTENCING PROCEDURES

6. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The

defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the illegal conduct to which the defendant has agreed to plead guilty (as described in paragraph 1) and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

7. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion

requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.

9. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and

recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

10. The United States, however, will not be required to make any motions or recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including, but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official. The parties agree that the defendant does not deserve any reduction pursuant to Section 3E1.1 if the defendant is found to have refused to assist authorities in recovery of the fruits and instrumentalities of the offense.

## FORFEITURE & FINANCIAL DISCLOSURE OBLIGATIONS

11. The defendant agrees to forfeit to the United States, voluntarily and immediately, all of the defendant's right, title and interest in all assets and/or their substitutes which are subject to forfeiture, pursuant to Title 18, United States Code, Section 982, and the procedures of Title 21, United States Code, Section 853, including but not limited to the sum of $1,728,349 in U.S. currency. The defendant agrees that $1,728,349 in U.S. currency represents the total amount of

property involved in the health care fraud conspiracy to which the defendant has agreed to plead guilty, and that it is therefore subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1). The defendant agrees to consent to the entry of orders of forfeiture for a forfeiture money judgment in the amount of $1,728,349 in U.S. currency, and that the United States shall, at its option, be entitled to forfeiture of any property (substitute assets) of the defendant in order to satisfy the money judgment. The defendant knowingly and voluntarily agrees to waive any claims or defenses the defendant may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited asset. The defendant agrees to waive any appeal for the forfeiture. The defendant further agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or any further notification of any judicial or administrative forfeiture proceedings brought against said asset.

12. The defendant also agrees that the defendant shall assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

13. The defendant agrees to cooperate fully in the investigation and the identification of assets to be applied towards forfeiture, restitution, and any fine. The defendant agrees that providing false or incomplete information about the defendant's financial assets; that hiding, selling, transferring or otherwise devaluing assets; or failing to cooperate fully in the investigation and identification of assets can be used as a basis for (1) separate prosecution, including under Title 18, United States Code, Section 1001; (2) a recommendation of a denial of a reduction for acceptance of responsibility pursuant to Sentencing Guideline Section 3E1.1; and (3) a denial of any reduction for any cooperation.

## WAIVER OF CERTAIN RIGHTS

14. The defendant agrees to having consulted with the defendant's attorney and fully understands all rights with respect to the pending charges. Further, the defendant was advised and fully understands all rights with respect to the provisions of the Sentencing Guidelines which may apply in this case. The defendant understands the constitutional rights associated with going to trial, including the right to be represented by counsel, the right to plead not guilty, the right to trial by jury, the right to confront and cross-examine adverse witnesses, the right to be protected from compelled self-incrimination, the right to testify and present evidence, and the right to compel the attendance of witnesses. By signing below, the defendant attests to having read this agreement, carefully reviewed every part of it with the defendant's attorney, and to being satisfied with the advice and representation of the defendant's attorney regarding the decision to enter into the agreement. The defendant voluntarily agrees to be bound by every term and condition set forth herein. The defendant affirms that the defendant has discussed this matter thoroughly with the defendant's attorney. The defendant further affirms that the defendant's discussions with defense counsel have included discussion of possible defenses that the defendant might raise if the

case were to go to trial, as well as possible issues and arguments that the defendant may raise at sentencing. The defendant additionally affirms that the defendant is satisfied with the representation provided defense counsel.

## APPELLATE WAIVER

15. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

## ADMISSION OF GUILT

16. The defendant confirms that the defendant is guilty of the offenses to which the defendant is pleading guilty; that the defendant's decision to plead guilty is the decision that the defendant has made; and that nobody has forced, threatened, or coerced the defendant into pleading guilty. The defendant accordingly affirms that the defendant is entering into this agreement

knowingly, voluntarily, and intelligently, and with the benefit of full, complete, and effective assistance by the defendant's attorney.

17. The defendant confirms that the defendant has read this plea agreement, or that this plea agreement has been read to the defendant. If the defendant does not understand English, the defendant confirms that this plea agreement has been translated into the defendant's native language and that the defendant has read this plea agreement, or that this plea agreement has been read to the defendant in the defendant's native language.

18. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw a plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

19. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 1/30/18  By: _____
ELIJAH A. LEVITT
MICHAEL B. NADLER
ASSISTANT UNITED STATES ATTORNEYS

Date: 1-30-18  By: _____
HOWARD SCHUMACHER, Esq.
ATTORNEY FOR DEFENDANT

Date: 1/30/18  By: _____
DOMINIC RIGANOTTI
DEFENDANT

Page **10** of **10**